UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24094-BLOOM

ALBERT T. OWENS, JR.,

    Plaintiff,

v.

Miami-Dade County; Miami-Dade Police Department;
Miami-Dade Department of Corrections;
City of Miami; City of Miami Police Department;
G. Nelson, individually and in his/her official capacity
as Detective, Miami-Dade Police Department;
S. Shapiro, individually and in his/her official capacity
as Detective, Miami-Dade Police Department;
F. Fabian, individually and in his/her official capacity
as Sergeant, Miami-Dade Police Department;
C. Carter, individually and in his/her official capacity
as Detective, City of Miami Police Department;
A. Arostegui, individually and in his/her official capacity
as Detective, City of Miami Police Department;
U. Cooper, individually and in his/her official capacity
as Sergeant, City of Miami Police Department;
Officer Saunders, individually and in his/her official capacity
as Officer, City of Miami Police Department,

    Defendants.
_____/

**ORDER**

    **THIS CAUSE** is before the Court upon Plaintiff Albert Owens, Jr.'s Motion for Extension of Time, ECF No. [57] and Motion to Stay Proceedings/Hold in Abeyance and For Leave to Serve a Third-Party Subpoena, ECF No. [63]. For the reasons stated below, the Motions are denied.

**I.    FACTUAL BACKGROUND**

    On December 11, 2024, the Court screened Plaintiff's Amended Complaint and permitted Plaintiff to proceed against Defendant City of Miami Police "Officer Saunders." ECF No. [35]. The Court also permitted Plaintiff to proceed *in forma pauperis* ("IFP"), entitling him to service

of process by the United States Marshal. ECF No. [39]. However, to date, the U.S. Marshal has not been able to serve "Officer Saunders" because his identity and whereabouts are unknown.[1]

To assist Plaintiff in locating Defendant, the Court ordered the City of Miami's Human Resources Department to provide the last known home address for "Officer Saunders." ECF No. [40]. The City responded that the only "Officer Saunders" employed by its police department in 1998 was female and, therefore, could not be the male "Officer Saunders" described in the Amended Complaint. ECF No. [52].

Given the information provided by the City, the Court ordered Plaintiff to show cause why his case should not be dismissed on February 20, 2025 for failure to timely serve "Officer Saunders." ECF No. [53]. Plaintiff responded to the Order by asserting that he was still diligently attempting to serve process within the allotted time. ECF No. [55]. However, Plaintiff also asserted that the person who allegedly assaulted him on December 29, 1998, may not have been Officer Saunders, but instead, some other unidentified officer on duty the evening of December 29, 1998. *See id.* Notwithstanding the increased uncertainty about the assailant's identity, Plaintiff argued that dismissal of his claims was not appropriate, and that the Court should continue to further assist Plaintiff in identifying the unnamed defendant. *See id.*

In addition to his Response to the Order to Show Cause, Plaintiff filed the instant Motion for Extension of Time to Amend Pleading or Join Parties, ECF No. [57]. In the Motion as well as subsequent related filings,[2] Plaintiff concedes that "Officer Saunders" did not assault him in 1998 and that the identity of the police officer who did assault him could potentially be found "in the supplemental report of former City of Miami Homicide Detective C[atherine] Carter under police

---

[1] The City of Miami originally indicated it was not able to ascertain "Officer Saunders'" identity given the age of the allegations. ECF No. [26] at 2.

[2] In ECF No. [60], Plaintiff stated "[s]ince his receipt of this Court's Order to Show Cause[,] [P]laintiff has determined that he has mistakenly sued the wrong defendant[.]"

case number '3991237x.'" *Id.* at 2.[3] Rather than seeking these records himself, Plaintiff's Motion explains that he filed a separate Motion to Compel seeking the Court's assistance in obtaining the records. *Id.*[4] Due to the time needed to obtain the records Plaintiff believes are necessary to identify the correct defendant, Plaintiff argues that the Court should extend the deadline for Plaintiff to amend his Complaint or join additional parties so that once he does identify the correct individual, he may properly add the individual as a defendant in the case. *See id.*

Shortly thereafter, Plaintiff also filed his Motion to Stay Proceedings and For Leave to Serve a Third-Party Subpoena. ECF No. [63]. The Motion contends that "a stay in abeyance is warranted in this action where [Plaintiff] has mistakenly sued the wrong defendant (e.g., Officer Saunders) and does not have another way to discover the true identity of the correct defendant . . . without this court issuing a third[-]party subpoena." *Id.* Therefore, to ensure that the deadline to effectuate service of process does not expire while Plaintiff looks to identify and track down the unidentified defendant, Plaintiff seeks a stay of this case.

**II.   DISCUSSION**

Before a Court will stay a case or extend the time to amend the pleadings, the moving party must show good cause that such relief is warranted. *See Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 810 (11th Cir. 2015) ("[O]nce the district court limits the time to amend pleadings in a scheduling order, the schedule may only be modified for 'good cause' and with the district court's consent. Fed. R. Civ. P. 16(b)(4). Thus, a plaintiff seeking leave to amend his complaint after the scheduling-order deadline must show 'good cause' under Rule 16(b).") (citing *S. Grouts & Mortars, Inc., v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)); *Campbell v. Mid-Florida*

---

[3] Although Plaintiff refers to her as Agent C. Carter in ECF No. [57], he lists her full name, Catherine Carter, in ECF No. [59].

[4] However, the Court has since denied the Motion to Compel. *See* ECF No. [61].

*Pathology, LLC*, Case No: 6:23-cv-2362, 2024 WL 4707287, at *1 (M.D. Fla. Nov. 7, 2024) (noting that while "[d]istrict courts are vested with broad discretion to stay proceedings," a stay generally "must be supported by a showing of good cause and reasonableness."). Plaintiff has failed to carry his burden to establish good cause as to either request here.

Both the request for an extension of time and the stay of the case depends on Plaintiff's unsubstantiated belief that he will identify the appropriate defendant to sue so long as he receives additional time and the Court's assistance in compelling supplemental third-party discovery from the City of Miami. However, Plaintiff's faces two significant hurdles. First, "[a]s a general matter, fictitious-party pleading is not permitted in federal court," except "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" and limited discovery would therefore uncover the unnamed defendant's identity. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)); *Williams v. DeKalb County Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name like "J.E.S. team," when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action.").[5] Second, "[t]ypically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference . . . [absent] a showing of good cause." *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.170.84.71, No. 8:24-CV-01271-MSS-AEP*, Case No. 8:24-cv-01271, 2024 WL 4045683, at *1 (M.D. Fla. Aug. 23, 2024) (citing Fed. R. Civ. P. 26(d)(1)); *Malibu Media, LLC v. Doe*, CASE NO. 13-81247-CIV, 2013 WL 12145910, at *1 (S.D. Fla. Dec. 10, 2013) ("As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn

---

[5] To be clear, the general prohibition is against suing fictitious parties, not real parties a plaintiff has elected to sue under a fictitious name. *See Taylor v. Brooks*, Civil Action No. 5:20-cv-00467, 2020 WL 3129862, at *1 (N.D. Ala. June 12, 2020) (citing *Dean*, 951 F.2d at 1215).

the identifying facts necessary to permit service on the defendant.") (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)). Therefore, the question of whether there is good cause to stay the case or grant an extension of time to amend the pleadings is really a question of whether Plaintiff should be permitted to proceed against the fictitious defendant as currently described, and whether there is good cause for the proposed third-party discovery intended to identify the fictitious defendant.

As to the first requirement, whether Plaintiff has sufficiently described the fictitious defendant, the Court finds that he has not. Courts in the Eleventh Circuit have consistently held that to proceed against a fictitious defendant, there must be sufficient details such that the defendant can be easily identified. *See Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1358 (S.D. Ga. 2015); *Dean*, 951 F.2d at 1215-16. Generic and vague descriptions of the defendant's job and physical appearance are, therefore, not enough. *See Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (finding the following descriptions insufficiently specific—"a male detective"; "one of the officers at the hospital"; "FBI Agent"; "a female white officer about 5 feet 10-11 inches in height"; or "a middle white male officer."); *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (finding general descriptions of officers, "such as by indicating the duty stations to which they were assigned" to be too imprecise); *Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1114 (M.D. Ala. 2023).[6]

---

[6] *See also Huffman v. Dunn*, No. 4:20-CV-01293-CLM, 2021 WL 2533024, at *9 (N.D. Ala. June 21, 2021) ("The cases discussing the [fictitious defendant] exception seem to turn on whether the description of the fictitious defendant (a) allows the reader to point to a specific individual or (b) leaves the reader wondering which person(s) out of a group fits the bill. The former is allowed; the latter is not. *Compare Dean*, 951 F.2d at 1215 (holding that plaintiff's pleading of "Chief Deputy of the Jefferson County Jail John Doe" was sufficient because it pointed to a knowable, singular defendant) *with Richardson v. Johnson*, 598 F.3d 734, 738 (11h Cir. 2010) (holding that plaintiff's identification of the defendant as "John Doe (Unknown Legal (Name), Guard, Charlotte Correctional Institute" was insufficient in identifying the defendant "among the many guards employed [there].")").

Here, although Plaintiff originally asserted that the unidentified defendant was a man by the name of "Officer Saunders," Plaintiff no longer maintains that position and now argues that the intended defendant is likely another unidentified City of Miami Police officer. *See* ECF No. [63]. Plaintiff does not offer any details about the officer other than that he is a "white Hispanic male, with Black hair, standing about 6' feet tall at 200 pounds." ECF No. [55] at 1. Those details are insufficient to locate and serve a particular officer within the City of Miami's police department, especially given that the alleged defendant is now more than 25 years older than he was at the time of the alleged incident. *See Vielma*, 808 F. App'x at 880 (finding plaintiff's description of "a female white officer about 5 feet 10-11 inches in height" was not sufficiently specific to allow plaintiff to proceed against a fictitious defendant); *Vielma v. Gruler*, 347 F. Supp. 3d 1122, 1138 (M.D. Fla. 2018), aff'd, 808 F. App'x 872 (11th Cir. 2020) (quoting *Isles v. Doe*, 3:18–cv–632, 2018 WL 2317969, at *2 (M.D. Fla. May 22, 2018)) ("Identifying Doe Defendants 'simply by a title held by numerous other individuals . . . fails to provide the specificity required to avoid the fictitious-party pleading rule.'"); *Taylor v. Brooks*, No. 5:20-CV-00467-CLS, 2020 WL 3129862, at *2 (N.D. Ala. June 12, 2020) (citing *Vielma*, 347 F. Supp. 3d at 1139 ("None of the Doe Defendants named in the SAC [Second Amended Complaint] are described with adequate specificity to allow service of process. All that is known of the most-specifically-described Doe Defendant is his or her employer and general physical description. Most lack even these paltry details.") (alteration supplied).

While Plaintiff may overcome the descriptive deficiencies of the fictitious defendant with limited, narrowly tailored expedited discovery, the Court does not find good cause to allow such discovery under the circumstances. To show good cause necessary for third-party expedited discovery, particularly when such discovery is for the purpose of identifying an unnamed defendant, the plaintiff must show that information he seeks is not only unavailable by alternative

means, but the measures the plaintiff has taken to uncover the information he seeks. *See Roe v. Doe*, Civ. Act. No. 1:19-CV-03293-JPB, 2019 WL 13215281, at *2 (N.D. Ga. Oct. 10, 2019) (requiring that plaintiff explain "the steps already taken to identify the defendant").

Moreover, plaintiff must also demonstrate that discovery is *likely* to uncover the identity of the unnamed defendant. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (allowing use of unnamed defendant where it was clear that discovery would uncover defendant's identity)); *Daleo v. Polk County Sheriff*, No. 8:11-cv-2521-T-30TBM, 2012 WL 1805501, at *5 (M.D. Fla. May 17, 2012) ("[the plaintiff] can use fictitious names to indicate real defendants because it appears that discovery will likely uncover the defendants' actual names."); *Mann v. Darden*, 630 F. Supp. 2d 1305, 1312 (M.D. Ala. 2009) ("Plaintiff can use fictitious names for real defendants when it appears that . . . discovery will uncover the defendant's actual name."). Without these elements satisfied, expedited discovery should not be granted. *See Roe*, 2019 WL 13215281, at *2.

Here, Plaintiff believes discovery is warranted because he alleges that a police report by Agent Catherine Carter may provide the information necessary for him to identify his alleged assailant. ECF No. [63] at 3. However, Plaintiff fails to explain what measures he has previously taken to acquire this report. *See Castle v. Cobb County, Ga.*, No. 22-12156, 2023 WL 3772501, at *2 (11th Cir. June 2, 2023) (finding no abuse of discretion by the district court for denying discovery to learn identities of unnamed defendants where the plaintiff "never explained below what efforts she took to identify the unnamed defendants"). Without such information, the Court is unable to determine whether there is any non-judicial means of obtaining the requested report. Accordingly, based on the record, the Court does not believe Plaintiff has carried his burden to show that judicial intervention is necessary to undercover the unidentified defendant in this case.

More importantly, even if Plaintiff had shown there was no alternative means to obtain the investigative report, Plaintiff has not demonstrated that Agent Carter's report is likely to contain the requisite information necessary to easily identify Plaintiff's alleged assailant. *Taylor*, WL 3129862, at *2 ("District Courts within the Eleventh Circuit have allowed plaintiff to plead fictitious defendants when they can be easily identified through discovery."); *Castle*, 2023 WL 3772501, at *2 ("Without any showing that 'discovery would uncover a defendant's identity,' [ ] we cannot say that the district court abused its discretion when it did not order discovery[.]"). Plaintiff contends the report "*may* contain the name and description of the City of Miami officer that violated his civil rights on December 29, 1998[,]" but offers no factual basis to support that conclusion.   ECF No. [63] at 3 (emphasis added). As the Eleventh Circuit explained in *Vielma*, courts are not permitted to allow a plaintiff to proceed against a John Doe defendant "solely on the ground that discovery might reveal an unnamed defendant's identity." 808 F. App'x at 880-81. The Court does not allow for fishing expeditions, and as such, any proposed expedited discovery must be reasonably certain to uncover information sufficient to effectuate service on the unidentified defendant. Because Plaintiff has failed to provide a factual basis to show that Agent Carter's report is likely to uncover sufficient information to effectuate service of process on the newly alleged assailant, the Court does not believe a third-party subpoena is appropriate here. Unfortunately for Plaintiff, "[t]his sue-first-and-sort-out-the-defendant-later approach is not how litigation works in federal court." *Vielma*, 808 F. App'x at 881. Consequently, the Court does not find good cause to extend the deadline to amend the pleading nor does it find good cause to stay the case to allow for third-party discovery.

Case No. 24-cv-24094-BLOOM

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Extension of Time, **ECF No. [57]**, and Plaintiff's Motion to Stay Proceedings/Hold in Abeyance and For Leave to Serve a Third-Party Subpoena, **ECF No. [63]**, are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 20, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Albert T. Owens, *PRO SE*
193166
Suwanne Correctional Institution-Annex
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060